LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| EDWIN PADILLA and LUIS TURCIO, *on behalf of themselves, FLSA Collective Plaintiffs and the Class,* | Case No.: |
| Plaintiffs, | CLASS AND COLLECTIVE ACTION COMPLAINT |
| v. | Jury Trial Demanded |
| BATTERY WAVE, LLC d/b/a BATTERY GARDENS and THOMAS MAKKOS, | |
| Defendants. | |

---

Plaintiffs, EDWIN PADILLA and LUIS TURCIO ("Plaintiffs"), on behalf of themselves

and others similarly situated, by and through their undersigned attorneys, hereby file this Class

and Collective Action Complaint against Defendants, BATTERY WAVE, LLC d/b/a BATTERY

GARDENS ("Corporate Defendant") and THOMAS MAKKOS ("Individual Defendant," and

together with Corporate Defendant, "Defendants") and state as follows:

## **INTRODUCTION**

1.      Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C.

§§201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from

Defendants: (1) unpaid minimum wages resulting from Defendants' unlawful tip pooling scheme and improperly claimed tip credits, (2) unpaid overtime caused by time-shaving, (3) liquidated damages and (4) attorneys' fees and costs.

2.     Plaintiffs further allege that, pursuant to New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages resulting from Defendants' unlawful tip pooling scheme and improperly claimed tip credits, (2) unpaid overtime caused by time-shaving, (3) unpaid wages due to time-shaving, (4) unpaid "spread of hours" premium, (5) statutory penalties, (6) liquidated damages and (7) attorneys' fees and costs.

3.     Plaintiff PADILLA also alleges pursuant to the FLSA that due to Defendants' retaliation against him, he is entitled to recover compensatory damages, punitive damages and all other penalties from Defendants the Court deems appropriate.

4.     Plaintiff PADILLA further alleges, pursuant to the NYLL, that due to Defendants' retaliation against him he is entitled to recover compensatory damages, punitive damages and all other penalties from Defendants the Court deems appropriate.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

7.     Plaintiff EDWIN PADILLA, for all relevant time periods, was a resident of Queens County, New York.

8.      Plaintiff LUIS TURCIO, for all relevant time periods, was a resident of Queens County, New York.

9.      Corporate Defendant, BATTERY WAVE, LLC d/b/a BATTERY GARDENS is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 1 Battery Place, New York, New York 10004 and an address for service of process located at 349 West 37th Street, New York, New York 10018.

10.      Individual Defendant, THOMAS MAKKOS is the owner and chief executive officer of Corporate Defendant. THOMAS MAKKOS exercised control over the employment terms and conditions of Plaintiffs, FLSA Collective Plaintiffs and Class members. THOMAS MAKKOS had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (vi) otherwise affect the quality of employment of Plaintiffs, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to THOMAS MAKKOS regarding any of the terms of their employment, and THOMAS MAKKOS would have the authority to affect any changes to the quality and terms of employees' employment. THOMAS MAKKOS regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. THOMAS MAKKOS ensured that employees effectively serve customers and that the business is operating efficiently and profitably. THOMAS MAKKOS exercised functional control over the business and financial operations of Corporate Defendant.

11.      At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members were directly essential to the business operated by the Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiffs bring claims for relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to, food preparers, cooks, dishwashers, porters, bussers, waiters and food runners) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) the proper minimum wage resulting from Defendants' unlawful tip pooling scheme and (ii) overtime compensation at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek due to time-shaving. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14.     There is also a subgroup of FLSA Collective Plaintiffs who are tipped employees, including, but not limited to, bussers, waiters and food runners, and including Plaintiff PADILLA and Plaintiff TURCIO. This subgroup further has a claim for unpaid minimum wages since Defendants failed to meet the statutory requirements for claiming a tip credit under the FLSA.

15.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to FLSA §16(b), 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

4

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16.     Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including, but not limited to, food preparers, cooks, dishwashers, porters, bussers, waiters and food runners) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

17.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of the Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees, including but not limited to bussers, waiters and food runners ("Tipped Subclass"), who also number more than forty (40). Plaintiffs EDWIN PADILLA and LUIS TURCIO are both members of the Class and the Tipped Subclass.

19.     Plaintiffs' claims are typical of those clams that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of

the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay overtime compensation for hours worked in excess of forty (40) per workweek, (ii) failing to pay for off-the clock wages due to time-shaving, (iii) failing to pay "spread of hours" premium, and (iv) failing to provide proper wage notice and wage statements to employees. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20.     Defendants further failed to pay Plaintiffs and the Tipped Subclass the proper minimum wage amounts because Defendants did not meet the statutory requirements under the NYLL and were therefore not entitled to claim any tip credits. Specifically, Defendants (i) claimed a tip credit that exceeded the statutory amount permissible, (ii) claimed a tip credit even when tips were insufficient to bring Plaintiffs and the Tipped Subclass up to the statutory minimum wage rate, (iii) failed to provide tip credit notice at hiring and annually thereafter, (iv) claimed a tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each week, (v) failed to provide wage statements clearly indicating tip credit allowances for each payment period, and (vi) failed to accurately keep track of daily tips earned and maintain records thereof.

21.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22.     A class action is superior to other available methods for a fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear or direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide

class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.  Whether Defendants employed Plaintiffs and the Class within the meaning of the New York Labor Law;

b.  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the type of work and labor for which Defendants did not pay the Class members properly;

c.  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

d.  Whether Defendants established the tip pool for the Tipped Subclass without the agreement or consent of all such Class members;

e.  Whether Defendants unlawfully retained tips earned by Plaintiff and the rest of the Tipped Subclass;

f.  Whether Defendant properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

g.  Whether Defendant provided to Plaintiffs and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law;

h.  Whether Defendant provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by New York Labor Law;

     i.    Whether Defendant paid Plaintiffs and the Tipped Subclass the state minimum wage for all hours worked;

     j.    Whether Defendant properly compensated Plaintiffs and Class members for overtime under state and federal law;

     k.    Whether Defendant properly compensated Plaintiffs and Class members for off-the-clock work under state and federal law;

     l.    Whether Defendants paid the "spread of hours" premium owed to Class members working more than ten (10) hours per day as required by New York Labor Law; and

     m.    Whether Defendants claimed unlawful tip credits from Plaintiff and the Tipped Subclass.

## STATEMENT OF FACTS

### *EDWIN PADILLA*

25.    In or around March 2014, Defendants hired Plaintiff EDWIN PADILLA to work as a busser, waiter and food runner at Defendants' principal place of business located at 1 Battery Place, New York, New York 10004 ("Battery Gardens").

26.    Plaintiff PADILLA was forced to quit his job in September 2015 because upon complaining about his tips, the manager Tariq came at him with a knife, causing Plaintiff to flee. Thereafter, Plaintiff PADILLA was too scared to return to work and was constructively discharged by Defendants due to the threat of imminent and impending violence if Plaintiff PADILLA ever returned to work.

27.     Throughout his employment, Defendants compensated Plaintiff PADILLA at a regular hourly rate of $5.00.

28.     Plaintiff PADILLA worked six (6) days a week from March to September each year; on three (3) of the days he worked from 10:00 a.m. to 11 p.m. and on the other three (3) days he worked from 10:00 a.m. to 5 p.m.

29.     Because the manager Tariq would adjust the hours of Plaintiffs, FLSA Collective Plaintiffs and Class members, under the direction of Defendants, Plaintiff PADILLA would only get paid for twenty (20) to thirty (30) of the hours a week.

30.     Throughout his employment, Plaintiff PADILLA regularly worked more than forty (40) hours per workweek and regularly worked over ten (10) hours per workday.

31.     Due to Defendants' policies of time-shaving, however, Plaintiff was deprived of overtime pay each week during his employment. Similarly, FLSA Collective Plaintiffs and Class members were time-shaved each week.

32.     In addition, although Plaintiff worked shifts exceeding ten (10) hours in duration, Defendants never paid him a spread of hours premium. Similarly, Class members were frequently required to work shifts exceeding ten (10) hours in duration but were never paid for spread of hours.

33.     At all relevant times, Defendants instituted and mandated an illegal tip pooling scheme to which Plaintiff and Tipped Subclass members never agreed. The tip pool was also illegal because the manager Tariq improperly shared in the tip pool.

34.     At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage statements, as required by the NYLL. Plaintiff and Class

members received wage statements that did not accurately reflect the hours that they worked, as Defendants failed to accurately maintain such records.

35.     At no time during the relevant time periods did Defendants provide Plaintiff or Class members with wage and hour or tip credit notices as required by the NYLL.

***LUIS TURCIO***

36.     In or around March 2010, Plaintiff LUIS TURCIO was hired by Defendants to work as a busser, waiter and food runner at Defendant's principal place of business located at 1 Battery Place, New York, New York 1004 ("Battery Gardens"). Plaintiff LUIS TURCIO's employment ended in or about September 2015.

37.     Throughout his employment, Plaintiff LUIS TURCIO regularly worked in excess of forty (40) hours per workweek. Plaintiff regularly worked over ten (10) hours per workday.

38.     Throughout his employment, Plaintiff LUIS TURCIO was compensated at a regular hourly rate of $5.00.

39.     At all relevant times during his employment, Plaintiff LUIS TURCIO's regular work schedule was as follows: from 10:30 a.m. to 11:00 p.m. for six (6) days a week, for a total of seventy-five (75) hours per week, without any lunch breaks.

40.     Although Plaintiff TURCIO worked much longer hours, his paycheck would reflect only about twenty (20) to thirty (30) hours a workweek. Defendants subjected FLSA Collective Plaintiffs and Class members to the same illegal time-shaving policy.

41.     Due to Defendants' policies of time-shaving, Plaintiff, FLSA Collective Plaintiffs and Class members were deprived of minimum wage and overtime pay each week during their employment.

42.     Plaintiff worked shifts exceeding ten (10) hours in duration, but was never paid spread of hours premium. Similarly, Class members were frequently required to work shifts exceeding ten (10) hours in duration but were never paid spread of hours.

43.     At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage statements, as required by the NYLL. Plaintiff and Class members received wage statements that did not accurately reflect the hours that they worked, as Defendants failed to accurately maintain such records

44.     At no time during the relevant time periods did Defendants provide Plaintiff or Class members with wage and hour or tip credit notices as required by the NYLL.

45.     At all times, Plaintiffs and Tipped Subclass members were also paid below the prevailing minimum wage rate since Defendants claimed invalid tip credits. Specifically, Defendants did not provide a tip credit notice and did not inform the Tipped Subclass that the tip credit will not apply unless they have been informed of the notice requirement, in violation of the FLSA. Defendants also failed to accurately track daily tips earned or maintain records thereof and did not inform the Tipped Subclass of the tip credit amount deducted for each payment period on the wage statements, in violation of the NYLL. In addition, Defendants did not inform the Tipped Subclass, in violation of the FLSA, that the claimed tip credit cannot exceed the tip amounts actually received, and that the Tipped Subclass should retain all tips except pursuant to a valid tip pooling arrangement. Instead, Defendants instituted and mandated an illegal tip pooling scheme to which Plaintiff and Tipped Subclass members never agreed; the manager, Tariq, also shared in the tip pool illegally because he provided no services to customers. Finally, Defendants claimed tip credits for all hours worked despite causing tipped employees to engage in non-tipped duties for more than 20% of the total hours worked each week. Such non-tipped duties included cleaning

the restaurant, taking orders, stocking supplies, taking out the garbage and answering the telephone, in violation of the FLSA and NYLL.

46.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

47.     Plaintiffs reallege and reaver by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

48.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

49.     At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

50.     At all relevant times, Defendants had a gross annual revenue in excess of $500,000.00.

51.     At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs and the Tipped Subclass for their hours worked, due to

Defendants' unlawful tip pooling scheme and since Defendants were not entitled to claim any tip credits under the FLSA.

52.     At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

53.     Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intent to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

54.     Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

55.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

56.     Due to the intentional, willful and unlawful acts of Defendant, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages resulting from Defendants unlawful tip pooling scheme, unpaid overtime wages and unpaid off-the-clock wages plus an equal amount as liquidated damages.

57.     Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

14

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND</u>

## <u>CLASS MEMBERS</u>

58.     Plaintiffs reallege and reaver by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

59.     At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §2 and 651.

60.     Defendants willfully violated Plaintiffs' and the Tipped Subclass's rights by failing to pay them minimum wages in the lawful amount of hours worked, resulting from Defendants' unlawful tip pooling scheme and since Defendants were not entitled to claim any tip credits under the NYLL.

61.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

62.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them "spread of hour" premium for each workday worked in excess of ten (10) hours.

63.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them for all hours worked due to a policy of time-shaving.

64.     Defendants failed to properly notify Plaintiffs and Class members of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

65.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay the "spread of hours" premium required by the New York Labor Law.

66.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

67.     Defendants failed to provide proper wage statements with every payment as requirement by New York Labor Law § 195(3).

68.     Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages resulting from Defendants' unlawful tip pooling scheme and claims of tip credits, unpaid spread-of-hours premium, unpaid wages due to time-shaving, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III

## RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

69.     Plaintiff PADILLA realleges and reavers by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

70.     Defendants retaliated against Plaintiff PADILLA by discriminating against him with physical violence after he inquired about his tips, and consequently left him no choice but to quit.

71.     Defendants' actions constituted a violation of Section 15(a)(3) of the FLSA. 29 U.S.C. 215 (a)(3).

72.     Plaintiff PADILLA suffered economic loss and mental distress from Defendants' retaliatory actions and having his employment compromised.

73.     Due to Defendants' retaliation, under the FLSA Plaintiff PADILLA is entitled to recover from Defendants compensatory damages, punitive damages and all other penalties from Defendants the Court deems appropriate.

## COUNT IV

## RETALIATION UNDER THE NEW YORK LABOR LAW

74.     Plaintiff PADILLA realleges and reavers by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

75.     Defendants retaliated against Plaintiff PADILLA by threatening him with physical violence after he inquired about his tips.

76.     Defendants' actions constituted a violation of NYLL § 215.

77.     Plaintiff PADILLA suffered economic loss and mental distress from Defendants' retaliatory actions and having his employment compromised.

78.     Due to Defendants' retaliation under the FLSA, Plaintiff PADILLA is entitled to recover from Defendants compensatory damages, punitive damages and all other penalties from Defendants the Court deems appropriate.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by

17

law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid compensation due under the FLSA and the New York Labor Law;

d.  An award of unpaid minimum wages resulting from Defendants' unlawful tip pooling scheme due under the FLSA and the New York Labor Law;

e.  An award of unpaid spread-of-hours premium due under the New York Labor Law;

f.  An award of unpaid compensation due to a policy of time-shaving;

g.  An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage requirements;

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage and compensation for all hours worked, pursuant to 29 U.S.C. § 216;

i.  Am award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage, compensation for all hours worked and spread-of-hours premium pursuant to the New York Labor law;

j.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.  Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

l.  Designation of this action as a class action pursuant to F.R.C.P. 23;

m.  Designation of Plaintiffs as Representatives of Class; and

n.  Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by

jury on all issues so triable as of right by jury.


Dated:  New York, New York
        February 26, 2018

                        Respectfully submitted,


                        LEE LITIGATION GROUP, PLLC
                        C.K. Lee (CL 4086)
                        Anne Seelig (AS 3976)
                        30 East 39th Street, Second Floor
                        New York, NY 10016
                        Tel.: 212-465-1188
                        Fax: 212-465-1181
                        *Attorneys for Plaintiffs, FLSA Collective Plaintiffs
                        and the Class*

                        By:  ___/s/ C.K. Lee_____
                             C.K. Lee, Esq. (CL 4086)