LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
Taimur Alamgir (TA 9007)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

EDWIN PADILLA,
LUIS TURCIO,
and SANTOS JIMENEZ,
*on behalf of themselves, FLSA Collective*
*Plaintiffs and the Class,*

                *Plaintiffs,*

      v.

BATTERY WAVE, LLC
d/b/a BATTERY GARDENS,
PAUL NICAJ,
GEORGE MAKKOS,
and THOMAS MAKKOS,

                Defendants.

_____

Case No.: 18 CV 1738 (JGK)

**FIRST AMENDED**
**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

**Jury Trial Demanded**

        Plaintiffs, EDWIN PADILLA, LUIS TURCIO, and SANTOS JIMENEZ ("Plaintiffs"), on

behalf of themselves and others similarly situated, by and through their undersigned attorneys,

hereby file this First Amended Class and Collective Action Complaint against Defendants,

BATTERY WAVE, LLC d/b/a BATTERY GARDENS (the "Corporate Defendant"), PAUL

NICAJ, GEORGE MAKKOS and THOMAS MAKKOS (the "Individual Defendants," and together with Corporate Defendant, "Defendants") and state as follows:

## INTRODUCTION

1.      Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages resulting from an invalid tip credit, (2) unpaid regular and overtime wages due to time-shaving, (3) unlawfully retained tips, (4) liquidated damages and (5) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum and overtime wages resulting from an invalid tip credit, (2) unpaid regular and overtime wages due to time-shaving, (3) unlawfully retained tips, (4) unpaid "spread of hours" premium, (5) statutory penalties, (6) liquidated damages and (7) attorneys' fees and costs.

3.      Plaintiff PADILLA also alleges, pursuant to the FLSA and NYLL, that due to Defendants' retaliation against him, he is entitled to recover compensatory damages, punitive damages and all other penalties from Defendants the Court deems appropriate.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

6.     Plaintiff EDWIN PADILLA, for all relevant time periods, was a resident of Queens County, New York.

7.     Plaintiff LUIS TURCIO, for all relevant time periods, was a resident of Queens County, New York.

8.     Plaintiff SANTOS JIMENEZ, for all relevant time periods, was a resident of Queens County, New York.

9.     Together, Defendants operate "Battery Gardens", a waterfront reception venue including several event spaces, a restaurant, and a bar located at the tip of downtown Manhattan at 1 Battery Place, New York, NY 10004. Battery Gardens frequently hosts and provides catering services for large events, including (but not limited to) weddings and bar/bat mitzvahs.

10.    Corporate Defendant, BATTERY WAVE, LLC d/b/a BATTERY GARDENS is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 1 Battery Place, New York, New York 10004 and an address for service of process located at 349 West 37th Street, New York, New York 10018.

11.    Individual Defendant, PAUL NICAJ is the managing principal of BATTERY WAVE, LLC. PAUL NICAJ exercised control over the employment terms and conditions of Plaintiffs, FLSA Collective Plaintiffs and Class members. PAUL NICAJ had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (vi) otherwise affect the quality of employment of Plaintiffs, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to PAUL NICAJ regarding any of the terms of their employment, and PAUL NICAJ would have the authority to affect any changes to the quality and terms of employees' employment. PAUL NICAJ regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly.

PAUL NICAJ ensured that employees effectively serve customers and that the business is operating efficiently and profitably. PAUL NICAJ exercised functional control over the business and financial operations of Corporate Defendant.

12. Defendant, GEORGE MAKKOS is a principal of BATTERY WAVE, LLC. GEORGE MAKKOS exercised control over the employment terms and conditions of Plaintiffs, FLSA Collective Plaintiffs and Class members. GEORGE MAKKOS had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (vi) otherwise affect the quality of employment of Plaintiffs, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to GEORGE MAKKOS regarding any of the terms of their employment, and GEORGE MAKKOS would have the authority to affect any changes to the quality and terms of employees' employment. GEORGE MAKKOS regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. GEORGE MAKKOS ensured that employees effectively serve customers and that the business is operating efficiently and profitably. GEORGE MAKKOS exercised functional control over the business and financial operations of Corporate Defendant.

13. Individual Defendant, THOMAS MAKKOS is a principal of BATTERY WAVE, LLC. THOMAS MAKKOS exercised control over the employment terms and conditions of Plaintiffs, FLSA Collective Plaintiffs and Class members. THOMAS MAKKOS had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (vi) otherwise affect the quality of employment of Plaintiffs, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to THOMAS MAKKOS regarding any of the terms of their employment, and THOMAS MAKKOS would have the authority to affect any changes to the quality and terms of employees' employment. THOMAS

MAKKOS regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. THOMAS MAKKOS ensured that employees effectively serve customers and that the business is operating efficiently and profitably. THOMAS MAKKOS exercised functional control over the business and financial operations of Corporate Defendant.

14.    At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members were directly essential to the business operated by the Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.    Plaintiffs bring claims for relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to, food preparers, cooks, dishwashers, porters, bussers, bartenders, barbacks, waiters and food runners) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16.    At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them all regular and overtime wages due, due to a policy of time-shaving. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17.    There is also a subgroup of FLSA Collective Plaintiffs within the broader collective who are tipped employees, including, but not limited to, bussers, bartenders, barbacks, waiters and food runners (the "Tipped Subclass). Plaintiffs PADILLA, TURCIO and JIMENEZ are members of the Tipped Subclass. Tipped Subclass Members suffered as a result of

Defendants' policies of deducting a tip credit without satisfying all requirements for same and unlawfully retaining tips to which Tipped Subclass Members were entitled.

18.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to FLSA §16(b), 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19.    Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including, but not limited to, food preparers, cooks, dishwashers, porters, bussers, bartenders, barbacks, waiters and food runners) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

20.    All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of the Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21.    The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the

calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

22.     The Class further includes a subclass of tipped employees, including but not limited to bussers, bartenders, barbacks, waiters and food runners (the "Tipped Subclass"), who also number more than forty (40). Plaintiffs PADILLA, TURCIO and JIMENEZ are both members of the Class and the Tipped Subclass.

23.     Plaintiffs' claims are typical of those clams that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay regular and overtime wages due to a policy of time-shaving, (ii) failing to pay "spread of hours" premium, and (iii) failing to provide proper wage notice and wage statements to employees. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24.     Defendants did not meet the statutory requirements for taking a tip credit against the wages of Tipped Subclass Members under the NYLL and were therefore not entitled to claim any tip credits. Specifically, Defendants were not entitled to a tip credit because (i) claimed a tip credit that exceeded the statutory amount permissible, (ii) claimed a tip credit even when tips were insufficient to bring Plaintiffs and the Tipped Subclass up to the statutory minimum wage rate, (iii) failed to provide tip credit notice at hiring and annually thereafter, (iv) claimed a tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each week, (v) failed to provide wage statements clearly

indicating tip credit allowances for each payment period, (vi) failed to accurately keep track of daily tips earned and maintain records thereof, and (vii) unlawfully retained tips to which Plaintiffs and other Tipped Subclass Members were entitled. Plaintiffs and Tipped Subclass Members are further entitled to recovery of tips that Defendants unlawfully retained.

25.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

26.     A class action is superior to other available methods for a fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for

Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear or direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

28.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.  Whether Defendants employed Plaintiffs and the Class within the meaning of the New York Labor Law;

b.  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the type of work and labor for which Defendants did not pay the Class members properly;

c.  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

d.  Whether Defendants established the tip pool for the Tipped Subclass without the agreement or consent of all such Class members;

e.  Whether Defendants unlawfully retained tips earned by Plaintiff and the rest of the Tipped Subclass;

f.   Whether Defendant properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

g.   Whether Defendant provided to Plaintiffs and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law;

h.   Whether Defendant provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by New York Labor Law;

i.   Whether Defendant paid Plaintiffs and the Tipped Subclass the state minimum wage for all hours worked;

j.   Whether Defendants unlawfully claimed a tip credit from Plaintiffs and the Tipped Subclass without satisfying all requirements for a tip credit..

k.   Whether Defendant properly compensated Plaintiffs and Class members at one and one half times the regular rate for all overtime hours worked, as required under state and federal law;

l.   Whether Defendant subjected Plaintiffs and Class members to a policy of time-shaving, resulting in unpaid regular and overtime hours; and

m.   Whether Defendants paid "spread of hours" premium owed to Class members working more than ten (10) hours per day as required by New York Labor Law.

## **STATEMENT OF FACTS**

### ***EDWIN PADILLA***

29.   In or around March 2014, Defendants hired Plaintiff EDWIN PADILLA to work as a busser, waiter and food runner at Battery Gardens. Plaintiff PADILLA was employed at

Battery Gardens on a seasonal basis (from March 1 to September 30 each year). Plaintiff PADILLA's employment at Battery Gardens terminated in September 2015.

30.    Throughout his employment, Defendants compensated Plaintiff PADILLA at a regular hourly rate of $5.00.

31.    Throughout his employment period, Plaintiff PADILLA regularly worked more than forty (40) hours per workweek and regularly worked over ten (10) hours per workday.

32.    Throughout his employment, Plaintiff PADILLA worked from 10:00 a.m. to 11:00 p.m., 3 days per week, and 10:00 am to 5:00 p.m., 3 days per week, for a total of approximately 60 hours per week.

### *LUIS TURCIO*

33.    In or around March 2010, Plaintiff LUIS TURCIO was hired by Defendants to work as a busser, waiter and food runner at Battery Gardens. Plaintiff PADILLA was employed at Battery Gardens on a seasonal basis (from March 1 to September 30 each year). Plaintiff TURCIO's employment at Battery Gardens terminated in September 2015.

34.    Throughout his employment, Plaintiff LUIS TURCIO regularly worked in excess of forty (40) hours per workweek, and over ten (10) hours per workday. At all relevant times during his employment, Plaintiff LUIS TURCIO's regular work schedule was as follows: from 10:30 a.m. to 11:00 p.m. for six (6) days a week, for a total of seventy-five (75) hours per week.

35.    Throughout his employment, Plaintiff LUIS TURCIO was compensated at a regular hourly rate of $5.00.

### *SANTOS JIMENEZ*

36.     In or around March 2015, Plaintiff SANTOS JIMENEZ was hired by Defendants to work as a busser, waiter and food runner at Battery Gardens. Plaintiff SANTOS JIMENEZ's employment ended in or about August 2017.

37.     Throughout his employment, Plaintiff SANTOS JIMENEZ regularly worked in excess of forty (40) hours per workweek and over ten (10) hours per workday. At all relevant times during his employment, Plaintiff SANTOS JIMENEZ regular work schedule was as follows: from 10:00 a.m. to 11:30 p.m. for six (6) days a week, for a total of approximately seventy-two (72) hours per week.

38.     Throughout his employment, Plaintiff SANTOS JIMENEZ was compensated at a regular hourly rate of $11.00.

***Defendants Unlawfully Claimed A Tip Credit From The Compensation of Plaintiffs PADILLA, TURCIO and Tipped Subclass Members Without Satisfying All Requirements to Claim A Tip Credit, and Unlawfully Retained Tips Earned by Tipped Subclass Members***

39.     At all relevant times, Defendants compensated Plaintiffs PADILLA and TURCIO at a "tip credit" minimum wage rate of $5.00 per hour, which was at all relevant times below the prevailing federal and/or New York State minimum wages. Similarly, Tipped Subclass members were paid at sub-minimum wage "tip credit" base hourly rates. However, because Defendants failed to fulfill all requirements for a tip credit, all tip credits taken were invalid.

40.     Plaintiffs PADILLA, TURCIO and Tipped Subclass members did not receive notice that Defendants were claiming a tip credit on tipped employees' compensation.  They were never informed that Defendants were claiming a tip credit allowance. They also never received any notice on their wage statements of the amount of tip credit allowance taken for each payment period, or the hourly rate of tip credit deduction.

12

41.     Defendants failed to keep track of the daily amount in tips earned by Plaintiffs PADILLA, TURCIO and Tipped Subclass members. Defendants also failed to maintain proper employment records, as required by the FLSA and NYLL.

42.     Plaintiffs PADILLA, TURCIO and Tipped Subclass members were required to spend more than 20% of their working time, or more than two (2) hours per shift engaged in non-tipped activities. Specifically, Plaintiffs PADILLA, TURCIO, and Tipped Subclass members were required to perform non-tipped duties including cleaning the restaurant, taking orders, stocking supplies, taking out the garbage and answering the telephone, for more than 20% of their working time, or more than two (2) hours per shift.

43.     Defendants always placed all tips earned by Tipped Subclass members into a tip pool held in care of the manager, Tariq [LNU]. Plaintiffs and Tipped Subclass Members never consented to this tip pooling arrangement.

44.     Each workday, on the authority of Individual Defendants PAUL NICAJ, GEORGE MAKKOS, and THOMAS MAKKOS, Tariq [LNU] would pocket approximately 40% - 50% of the total amount in the tip pool for himself before distributing what was left to Tipped Subclass members. However, as the manager of Battery Gardens, Tariq [LNU] was never entitled to share in the tip pool. To conceal this retention of tips from tipped employees, Defendants and Tariq [LNU] would never permit Plaintiffs or Tipped Subclass members to view the tip sheet indicating the total amount of tips collected and explaining the tip pooling arrangement.

***Defendants Unlawfully Failed to Compensate Plaintiffs and FLSA Collective Plaintiffs For Regular and Overtime Hours Worked Each Wee, Due to A Commonly Applicable Policy of Time-Shaving***

45.     At all relevant times, Plaintiffs were compensated for approximately 20-30 less regular and overtime hours than they actually worked, due to Defendants' policy of time shaving.

Likewise, FLSA Collective Plaintiffs and Class Members were not compensated for at least 20 regular and overtime hours worked each workweek, due to Defendants' commonly applicable time-shaving policy.

46.     Pursuant to the express instructions of individual Defendants, PAUL NICAJ, GEORGE MAKKOS, and THOMAS MAKKOS, manager Tariq [LNU] would manually adjust the time records for Plaintiffs, FLSA Collective Plaintiffs and Class members. For each workweek, Tariq [LNU] would tamper with the records to make it appear that Plaintiffs, FLSA Collective Plaintiffs, and Class Members worked 20-30 less hours than they actually did, to facilitate Defendants' theft of their regular and overtime wages.

47.     The wage statements issued to Plaintiffs and Class Members showed 20-30 less hours than Plaintiffs and Class Members actually worked each week, reflecting Defendants' manipulation of the records.

48.     Due to Defendants' policies of time-shaving, Plaintiffs were deprived of regular and overtime pay each week during their respective periods of employment. Similarly, FLSA Collective Plaintiffs and Class members suffered unpaid regular and overtime hours due to Defendants' commonly applicable time-shaving policies throughout their respective periods of employment.

### *Defendants Unlawfully Failed To Pay Plaintiffs, FLSA Collective Plaintiffs, and Class Members Spread Of Hours Premium, As Required Under the NYLL*

49.     Although Plaintiffs frequently worked shifts exceeding ten (10) hours in duration, Defendants failed to pay them spread of hours premium for working such shifts. Similarly, Class members were frequently required to work shifts exceeding ten (10) hours in duration but were never paid for spread of hours.

*__Defendants Retaliated Against Plaintiff PADILLA for Asserting His Rights Under The FLSA and NYLL__*

50.     In approximately September 2015, Plaintiff PADILLA approached manager Tariq [LNU] to complain about the time-shaving and tip retention from which he and other non-exempt Battery Gardens employees suffered. Upon hearing Plaintiff PADILLA's complaint about Defendants' systematic theft of wages and tips, Tariq [LNU] became enraged and came after Plaintiff PADILLA with a knife, threatening Plaintiff PADILLA with physical harm for daring to complain about Defendants' illegal wage and hour policies.

51.     Manager Tariq [LNU] threats of violence and brandishing of a deadly weapon in response to Plaintiff PADILLA's complaint about the wage and hour violations that he suffered resulted in Plaintiff PADILLA's constructive discharge from Battery Gardens. Following the above-described incident, Plaintiff PADILLA quit his employment at Battery Gardens, out of a justifiable fear that Tariq [LNU] would attack him with a knife or otherwise cause him grievous physical harm for having the temerity to question Defendants' theft of his wages and tips.

*__Defendants Failed to Provide Plaintiffs and Class Members Wage and Hour Notices and Wage Statements In Compliance with The WTPA__*

52.     At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage statements, as required by the NYLL. Plaintiff and Class members received wage statements that did not accurately reflect the hours that they worked, as Defendants tampered with records of hours worked by Plaintiffs in order to reduce the regular and overtime hours that they were required to pay Plaintiffs for. The wage statements provided were inaccurate as they reflected Defendants' manipulation of the records.

53.     At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with wage and hour or tip credit notices, as required by the NYLL.

54.     Defendants failed to pay Plaintiffs, FLSA Collective Plaintiffs and Class Members overtime at one and one half times their straight time base hourly rates, for each hour in excess of forty (40) worked each workweek.

55.     Defendants paid Plaintiffs PADILLA, TURCIO, and the Tipped Subclass at "tip credit" rates below the prevailing federal and New York State minimum wages.  However, Defendants were not entitled to claim any tip credits under the FLSA or NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the FLSA and NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period, or the hourly rate of tip credit deduction, in violation of the NYLL, (iii) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday, or two (2) hours of each shift, in violation of the FLSA and NYLL, (iv) failed to track the amount of tips received daily in violation of NYLL, and (v) instituted a tip pool whereby the manager would retain tips earned by tipped employees, in violation of the FLSA and NYLL.

56.     Plaintiffs, FLSA Collective Plaintiffs, and Class Members were unlawfully deprived of tips earned due to Defendants' policies of tip retention.

57.     Plaintiffs, FLSA Collective Plaintiffs, and Class members had workdays that regularly exceeded ten (10) hours in length. However, Defendants failed to pay them spread of hours premiums due under the NYLL.

58.     Plaintiffs, FLSA Collective Plaintiffs, and Class members were subjected to time-shaving, resulting in unpaid regular wages and overtime premium.

59.     At no time during the relevant time periods did Defendants provide Plaintiff or Tipped Subclass Class members with wage notices or proper wage statements as required by

NYLL. Defendants also failed to disclose the hourly rate of tip credit taken, or the amount of tip credit claimed in each pay period on the wage statements provided to Tipped Subclass Members.

60.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

61.     Plaintiffs reallege and reaver by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

62.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

63.     At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

64.     At all relevant times, Defendants had a gross annual revenue in excess of $500,000.00.

65.     At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs and the Tipped Subclass for their hours worked, as a result of Defendants' policy of claiming a tip credit without fulfilling the requirements for same.

66.   At all relevant times, Defendants had a policy and practice of unlawfully retaining tips to which Plaintiffs were entitled, in violation of the FLSA.

67.   At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

68.   Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intent to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

69.   Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

70.   As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

71.   Due to the intentional, willful and unlawful acts of Defendant, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, overtime premium, and unlawfully retained tips, plus an equal amount as liquidated damages.

72.   Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

18

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND**

**CLASS MEMBERS**

73.   Plaintiffs reallege and reaver by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

74.   At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §2 and 651.

75.   Defendants willfully violated Plaintiffs' and the Tipped Subclass's rights by failing to pay them minimum wages in the lawful amount of hours worked, resulting from Defendants' policy of claiming a tip credit without fulfilling all requirements for same.

76.   Defendants willfully violated Plaintiffs and the Tipped Subclass's rights by unlawfully retaining tips that they earned.

77.   Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

78.   Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them "spread of hour" premium for each workday worked in excess of ten (10) hours.

79.   Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them for all hours worked due to a policy of time-shaving.

80.   Defendants failed to properly notify Plaintiffs and Class members of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

81.   Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay the "spread of hours" premium required by the New York Labor Law.

82.   Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

83.   Defendants failed to provide proper wage statements with every payment as requirement by New York Labor Law § 195(3).

84.   Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid minimum and overtime wage, unlawfully retained tips, unpaid spread-of-hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the New York Labor Law.

## COUNT III

## RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

85.   Plaintiff PADILLA realleges and reavers by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

86.   Defendants retaliated against Plaintiff PADILLA by threatening him with physical violence after he inquired about his tips and unpaid compensation due to time shaving. Plaintiff PADILLA's complaint about Defendants' illegal policies resulted in Plaintiff PADILLA's constructive discharge. Because Plaintiff PADILLA complained about the FLSA violations he suffered, he was forced to quit in fear for his physical safety.

87.   Defendants' actions constituted a violation of Section 15(a)(3) of the FLSA. 29 U.S.C. 215 (a)(3).

88.   Plaintiff PADILLA suffered economic loss and mental distress from Defendants' retaliatory actions and having his employment compromised.

89.     Due to Defendants' retaliation, under the FLSA Plaintiff PADILLA is entitled to recover from Defendants compensatory damages, punitive damages and all other penalties from Defendants the Court deems appropriate.

## COUNT IV

## RETALIATION UNDER THE NEW YORK LABOR LAW

90.     Plaintiff PADILLA realleges and reavers by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

91.     Defendants retaliated against Plaintiff PADILLA by threatening him with physical violence after he inquired about his missing tips and time-shaved compensation. Because of his complaint, Plaintiff PADILLA's physical safety and well-being were jeopardized. To avoid physical harm at Defendants' hands, Plaintiff PADILLA was forced to quit. This constituted a constructive discharge in violation of the NYLL.

92.     Defendants' actions constituted a violation of NYLL § 215.

93.     Plaintiff PADILLA suffered economic loss and mental distress from Defendants' retaliatory actions and having his employment compromised.

94.     Due to Defendants' retaliation under the FLSA, Plaintiff PADILLA is entitled to recover from Defendants compensatory damages, punitive damages and all other penalties from Defendants the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid compensation due under the FLSA and the New York Labor Law;

d.  An award of unpaid minimum wages resulting from Defendants' unlawful practice of taking a tip credit without fulfilling the requirements for same, due under the FLSA and the New York Labor Law;

e.  An award of unpaid spread-of-hours premium due under the New York Labor Law;

f.  An award of unpaid regular and overtime compensation due to a policy of time-shaving;

g.  An award equal to the amount in tips unlawfully misappropriated by Defendants, due under the FLSA and NYLL.

h.  An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage requirements;

i.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage and compensation for all hours worked, pursuant to 29 U.S.C. § 216;

j.  Am award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage, compensation for all hours worked and spread-of-hours premium pursuant to the New York Labor law;

k.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l.  Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

m.  Designation of this action as a class action pursuant to F.R.C.P. 23;

n.  Designation of Plaintiffs as Representatives of Class; and

o.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: New York, New York
      May 1, 2018

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
Taimur Alamgir (TA 9007)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

By:   */s/ C.K. Lee*
     C.K. Lee, Esq. (CL 4086)