UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
EDWIN PADILLA, LUIS TURCIO
and SANTOS JIMENEZ,
*on behalf of themselves, FLSA Collective Plaintiffs
and the Class,*

                    Plaintiffs,

-against-

BATTERY WAVE, LLC d/b/a BATTERY
GARDENS, PAUL NICAJ, GEORGE MAKKOS
AND THOMAS MAKKOS,

                    Defendants.
------------------------------------------------------------ X

Civil Action No. 1:18-cv-01738 (JGK)

**ANSWER TO FIRST AMENDED
CLASS AND COLLECTIVE
ACTION COMPLAINT**

Defendants Battery Wave, LLC d/b/a Battery Gardens ("Battery Gardens"), Paul Nicaj, George Makkos, and Thomas Makkos (collectively, "Defendants"), by and through their attorneys, Akerman, LLP, submit their Answer and Affirmative Defenses to the First Amended Class and Collective Action Complaint ("Complaint") filed by plaintiffs Edwin Padilla ("Padilla"), Luis Turcio ("Turcio"), and Santos Jimenez ("Jimenez" and, together with Padilla and Turcio, "Plaintiffs") as follows:

## ANSWERING INTRODUCTION

1. Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and other "similarly situated" employees under the Fair Labor Standards Act ("FLSA") but deny that Plaintiffs are "similarly situated" to any current or former employees of Battery Gardens, deny that the current and former employees of Battery Gardens are similarly situated to each other, deny that Plaintiffs have standing to bring a collective action claim under said statute on behalf of such employees, deny that Plaintiffs have a claim under the FLSA, deny

45858507;1

that Plaintiffs are entitled to any relief whatsoever, and deny the remaining allegations set forth in paragraph 1 of the Complaint.

2.  Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and other "similarly situated" employees under the New York Labor Law ("NYLL") but deny that Plaintiffs are "similarly situated" to any current or former employees of Battery Gardens, deny that the current and former employees of Battery Gardens are similarly situated to each other, deny that Plaintiffs have standing to bring a collective action claim under said statute on behalf of such employees, deny that Plaintiffs have a claim under the NYLL, deny that Plaintiffs are entitled to any relief whatsoever, and deny the remaining allegations set forth in paragraph 2 of the Complaint.

3.  Defendants admit that Padilla purports to allege retaliation under the FLSA and NYLL but deny that Padilla has a claim under the FLSA or NYLL deny that Padilla is entitled to any relief whatsoever, and deny the remaining allegations set forth in paragraph 3 of the Complaint.

**ANSWERING JURISDICTION AND VENUE**

4.  Defendants admit that Plaintiffs purport to allege this Court's subject matter jurisdiction over their claims pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1531, and admit that Plaintiffs purport to allege this Court has supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367, but deny the substance of Plaintiffs' claims, and deny the remaining allegations set forth in paragraph 4 of the Complaint.

5.  Defendants admit that Plaintiff purports to allege venue is proper in the Southern District of New York, but deny the substance of Plaintiff's claims, and deny the remaining allegations set forth in paragraph 5 of the Complaint.

## ANSWERING PARTIES

6. Defendants lack information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 6 of the Complaint.

7. Defendants lack information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 7 of the Complaint.

8. Defendants lack information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint except admit that Battery Gardens is located at 1 Battery Place, New York, New York 10004.

10. Defendants admit that Battery Wave LLC is a New York limited liability company and that it has an address for service of process at 349 W 37th Street, New York, NY 10018, but deny all other allegations contained in paragraph 10 of the Complaint.

11. Defendants admit that Paul Nicaj is a manager of Battery Wave, LLC but deny all other allegations contained in paragraph 11 of the Complaint.

12. Defendants admit that George Makkos is a principal of Battery Wave, LLC but deny all other allegations contained in paragraph 12 of the Complaint.

13. Defendants admit that Thomas Makkos is a principal of Battery Wave, LLC but deny all other allegations contained in paragraph 12 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

## ANSWERING FLSA COLLECTIVE ACTION ALLEGATIONS

15. Defendants admit that Plaintiffs purport to bring this as a collective action under the FLSA, but deny that they have standing to bring such a claim, deny that Plaintiffs are "similarly situated" to any current or former employees of Battery Gardens, deny that the current and former employees of Battery Gardens are similarly situated to each other, deny that Plaintiffs

have a claim under the FLSA, deny that Plaintiffs are entitled to any relief whatsoever, and deny the remaining allegations set forth in paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

## ANSWERING FLSA COLLECTIVE ACTION ALLEGATIONS

19. Defendants admit that Plaintiffs purport to bring claims for relief pursuant to FRCP Rule 23 but deny that a class action is appropriate and deny all other allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint, including but not limited to the allegations set forth in subparagraphs 28(a) through 28(m).

## ANSWERING STATEMENT OF FACTS

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint, except admit that Turcio was employed at Battery Gardens as a busser.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants admit the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants lack information or knowledge sufficient to form a belief as to the allegations set forth in paragraph 60 of the Complaint.

## ANSWERING STATEMENT OF CLAIM

### COUNT I

### RESPONSE TO ALLEGED VIOLATION OF THE FLSA

61. Defendants repeat and re-allege each and every response made in paragraphs 1 through 61 as if fully set forth herein.

62. No response to paragraph 62 of the Complaint is required because it alleges a legal conclusion. However, to the extent that a response is required, Defendants deny the allegations set forth in paragraph 62 of the Complaint, and refer to 29 U.S.C. § 206(a) and § 207(a) for the terms thereof.

63. No response to paragraph 63 of the Complaint is required because it alleges a legal conclusion. However, to the extent that a response is required, Defendants deny the allegations set forth in paragraph 63 of the Complaint, and refer to the FLSA for the terms thereof.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants lack information or knowledge sufficient to form a belief as to the nature of any records in Plaintiffs' possession and lack information or knowledge sufficient to form a belief as to Plaintiffs' intended legal strategy as alleged in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. No response to paragraph 72 of the Complaint is required because it alleges a legal conclusion. However, to the extent that a response is required, Defendants deny the allegations set forth in paragraph 72 of the Complaint, and refer to the 29 U.S.C. § 216(b) for the terms thereof.

## COUNT II

### RESPONSE TO ALLEGED VIOLATION OF THE NYLL

73. Defendants repeat and re-allege each and every response made in paragraphs 1 through 73 as if fully set forth herein.

74. No response to paragraph 74 of the Complaint is required because it alleges a legal conclusion. However, to the extent that a response is required, Defendants deny the allegations set forth in paragraph 74 of the Complaint, and refer to the NYLL §2 and 651 for the terms thereof.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

## COUNT III

### RESPONSE TO ALLEGED RETALIATION UNDER THE FLSA

85. Defendants repeat and re-allege each and every response made in paragraphs 1 through 84 as if fully set forth herein.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

## COUNT III

### RESPONSE TO ALLEGED RETALIATION UNDER THE NYLL

90. Defendants repeat and re-allege each and every response made in paragraphs 1 through 89 as if fully set forth herein.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in paragraph 94 of the Complaint.

## DEFENSES

95. Defendants assert the following defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof Defendants do not have as a matter of law.

45858507;1

## FIRST AFFIRMATIVE DEFENSE

96. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

97. At no point relevant hereto, were Defendants, in whole or in part, an "employer" of Plaintiffs within the meaning of the FLSA and/or NYLL, individually or jointly.

## THIRD AFFIRMATIVE DEFENSE

98. Plaintiffs' claims for failure to provide wage notices and wage statements are subject to and barred on the grounds that Defendants properly paid Plaintiffs and/or had a good faith basis for not provide the wage notices and/or wage stubs, as per the affirmative defenses in New York Law sec. 198.

## FOURTH AFFIRMATIVE DEFENSE

99. Plaintiffs' claims are, in whole or in part, barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

100. At no point relevant hereto, did Defendants "suffer or permit" Plaintiffs to perform any compensable services for which they are entitled to additional compensation under the FLSA and/or NYLL, beyond that which has already been paid to Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

101. At no point relevant hereto, did Plaintiffs work any hour for which they were not compensated in accordance with that which is required by the FLSA and/or NYLL.

## SEVENTH AFFIRMATIVE DEFENSE

102. Plaintiffs' claims under the FLSA must be dismissed, in whole or in part, pursuant to Section 10 of the Portal-to-Portal Act, because all of Defendants' challenged actions and/or omissions were taken in good faith, and in conformity with and in reliance on any written

administrative regulation, order, ruling, approval, or interpretation of the Wage and Hour Division of the U.S. Department of Labor, or any administrative practice or enforcement policy of the Division with respect to the class of employers to which Defendants belong.

### EIGHTH AFFIRMATIVE DEFENSE

103.   Plaintiffs' claims under the FLSA for liquidated damages must be dismissed, in whole or in part, pursuant to Section 11 of the Portal-to-Portal Act, because at all times relevant hereto, Defendants acted in good faith and with reasonable grounds to believe that the challenged actions were in compliance with the law.

### NINTH AFFIRMATIVE DEFENSE

104.   Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities that were preliminary or post-liminary to their principal activities.

### TENTH AFFIRMATIVE DEFENSE

105.   Plaintiffs' claims under the FLSA and/or NYLL are barred to the extent that their alleged work activities are not compensable under such statutes.

### ELEVENTH AFFIRMATIVE DEFENSE

106.   Plaintiffs' claims under the NYLL for liquidated damages must be dismissed, in whole or in part, because at all times relevant hereto, Defendants acted in good faith and with reasonable grounds to believe that the challenged actions were in compliance with the law.

### TWELFTH AFFIRMATIVE DEFENSE

107.   Some or all of the claims in the Complaint may be subject to the *de minimis* rule, 29 C.F.R. § 785.47, because they involve insignificant amounts of overtime.

### THIRTEENTH AFFIRMATIVE DEFENSE

108.   Some of the Plaintiffs are not entitled to spread of hours compensation pursuant to

45858507;1

the NYLL and/or 12 N.Y.C.R.R. § 146-1.6, because at all times relevant hereto they were paid sufficiently above the minimum wage so as to not qualify for such compensation as a matter of law, and because at no point relevant hereto did the "spread of hours" on any workday on which any Plaintiff worked exceed 10 hours.

### FOURTEENTH AFFIRMATIVE DEFENSE

109. Defendants affirmatively and specifically plead each and every defense, affirmative defense, limitation, and immunity provided under either the FLSA or NYLL.

### FIFTEENTH AFFIRMATIVE DEFENSE

110. Plaintiffs' claims are or may be barred by the doctrines of unclean hands, estoppel, after-acquired evidence, election of remedies, laches, accord, and/or satisfaction.

### SIXTEENTH AFFIRMATIVE DEFENSE

111. Plaintiffs' claims for liquidated damages and/or attorneys' fees, if any, are not recoverable under every cause of action alleged in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

112. If Plaintiffs suffered any damages as a result of the matters alleged in the Complaint, such damages were caused in whole or in part by Plaintiffs' own culpable conduct, including, without limitation, their failure to inform their supervisors of all time worked. Any judgment recovered by any of the Plaintiffs must be reduced in proportion to the extent that that Plaintiff's culpable conduct contributed to the alleged damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

113. Supplemental or pendant jurisdiction should not be exercised over any of the claims alleged in the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

114. Even if Plaintiffs prevail, their claims for liquidated damages and interest are

45858507;1

barred to the extent that these forms of relief are duplicative of each other.

## TWENTIETH AFFIRMATIVE DEFENSE

115. Defendants have not willfully failed to pay Plaintiffs any wages and/or monies claimed due, and there is a *bona fide*, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

## TWENTY FIRST AFFIRMATIVE DEFENSE

116. Plaintiffs' claims are frivolous and groundless and known to Plaintiffs to be frivolous and groundless and without foundation in fact or law. Furthermore, the suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendants.

## TWENTY SECOND AFFIRMATIVE DEFENSE

117. This case may not be maintained as a collective action because Plaintiffs are not similarly situated to the individuals they purport to or otherwise seek to represent.

## TWENTY THIRD AFFIRMATIVE DEFENSE

118. This action may not be maintained as a collective action because Plaintiffs are not adequate representatives for the putative collective action and, as such, the Court should not authorize notice to be issued or a collective action to be maintained under the FLSA.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

119. This case is not appropriate for collective action treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to each Plaintiff.

## RESERVATION OF RIGHT TO PLEAD ADDITIONAL DEFENSES

120. Defendants hereby reserve the right to amend their Answer and to assert any additional affirmative defenses as the facts and law warrant, including during the trial in this matter.

121.    **WHEREFORE,** Defendants demand judgment against Plaintiffs as follows:

    a.    Dismissal of the Complaint;

    b.    Attorneys' fees;

    c.    Costs of suit; and

    d.    Any other equitable relief deemed appropriate by the court.

Dated: New York, New York
       July 19, 2018

**AKERMAN LLP**

By:   */s/ Bran C. Noonan*
        Bran C. Noonan, Esq.

666 Fifth Avenue, 20th Floor
New York, NY 10103
Phone: (212) 880-3800
Fax: (212) 880-8965
Email: bran.noonan@akerman.com

*Attorneys for Defendants*