# LEE LITIGATION GROUP, PLLC
30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

Writer's Direct:   (212) 465-1188
　　　　　　　　　cklee@leelitigation.com

January 9, 2019

**VIA ECF**
The Honorable John G. Koeltl, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

　　　　　　　　　Re:   *Padilla, et al. v. Battery Wave, LLC, et al.*
　　　　　　　　　　　　<u>Case No. 18-CV-1738</u>

Dear Judge Koeltl:

　　　　We are counsel to Plaintiffs and write, jointly with counsel to Defendants, to respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismiss this matter with prejudice. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement")[1].

　　　　The court in *Wolinsky* sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted).

---

[1] The Settlement Agreement attached hereto has been executed by the Plaintiffs and defendants Battery Wave, LLC and Paul Nicaj, but has not yet been executed by defendants Thomas Makkos or George Makkos as they are currently out of the country. The parties will supplement the fairness submission with the fully executed agreement as soon as possible.

In this matter, the parties have reached a settlement of $22,000 for Plaintiffs' wage and hour claims. Based on the above criteria, the agreement is fair and reasonable and should be approved by the Court.

**Plaintiffs' Range of Possible Recovery**

Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $22,000, of which $15,000 is being allocated to the Plaintiffs as follows: $4,000 to be allocated to Plaintiff Edwin Padilla; $6,500 to be allocated to Plaintiff Luis Turcio; and $4,500 to be allocated to Plaintiff Santos Jimenez. Attached hereto as **Exhibit B** are damage calculations for Plaintiffs' alleged unpaid compensation, calculated to be $30,990.00 in backwages for Edwin Padilla (12.9% recovery), $68,223.75 in backwages for Luis Turcio (9.5% recovery), $54,103.00 in backwages for Santos Jimenez (8.3% recovery).  Please note that, after discovery, it has been confirmed that plaintiff Edwin Padilla only worked for Defendants until May 2014.  Since the complaint was filed in 2018, Mr. Padilla's claims under the FLSA are timebarred under the three year statute of limitations and his only remaining claims are those under N.Y. Labor Law.  Accordingly, while the parties note Mr. Padilla's share of the settlement, he only has state law claims and the settlement of those claims are not subject to review under *Cheeks*.

Plaintiffs' damage calculations assume that all the facts alleged by Plaintiffs are entirely correct. However, Defendants contend that Plaintiffs were seasonal workers and worked far less hours than alleged. Defendants have provided payroll records for the Plaintiffs in support of their assertions. Due to the nature of Plaintiff's time-shaving claims and the documents provided by Defendants, Plaintiffs would run the risk of being unable to convince a jury that they were not paid for all hours worked, or for the number of hours they allege were unpaid. If Defendants were to succeed at trial in establishing that Plaintiffs worked shorter time periods, worked less hours than alleged, or that the Defendants properly paid Plaintiffs for all hours worked, Plaintiffs' damages would be significantly reduced, and they would run the risk of obtaining less than the payment they are receiving in the settlement, if anything.

**The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and The Parties Face Serious Litigation Risks**

Plaintiffs wish to avoid the risk of further litigating their claims. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiffs because of the fact-intensive nature of proving liability under the FLSA, and in light of the defenses available to Defendants. Plaintiffs believe the amount of $22,000 is a fair result, obtaining an amount of alleged backwages plus attorney's fees, while eliminating the risks of trial. In fact, continuing the litigation and proceeding to trial would be highly risky to Plaintiffs as they would run the risk of receiving a smaller amount than what are allocated to them in the settlement.

**The Settlement is a Result of Arm's-Length Negotiation and There is no Possibility of Fraud of Collusion**

The proposed settlement is fair and reasonable because Plaintiffs and Defendants were represented by competent and experienced counsel during the litigation and settlement process. There was an exchange of relevant documents and an open sharing of facts and information. The

parties negotiated vigorously and were able to reach an agreement in which Plaintiffs would receive a recovery of alleged backwages plus attorneys' fees, and eliminating the burdens and costs of further litigation.

**The Attorneys' Fees are Fair and Reasonable**

Pursuant to the Settlement Agreement, of the $22,000 settlement amount, $7,000 is allocated to attorneys' fees and costs. The legal fees and costs equal less than 1/3 of the settlement amount, which is routinely approved as attorney's fees in such FLSA matters. If the Court were to feel that a lodestar analysis is necessary, we would be happy to supplement this fairness motion.

Plaintiffs' counsel's fees of $7,000 are fair and reasonable given the time spent by Plaintiffs' counsel. Such work includes interviewing the Plaintiffs, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, amending the Complaint, preparing for and attending an initial pretrial conference, fully briefing a motion to certify class, preparing and serving Defendants with discovery demands, analyzing Defendants' discovery production, negotiating with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, we respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss the matter in its entirety. We thank Your Honor for considering this matter.

Respectfully submitted,

  *s/ C.K. Lee*
C.K. Lee, Esq.

Encl.