UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EDWIN PADILLA ET AL.,

                Plaintiffs,

-against-

BATTERY WAVE, LLC ET AL.,
                Defendants.
-----------------------------------------------------------X

18 **CIVIL** 1738 (JGK)

**JUDGMENT**

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated January 19, 2018, the Court approves the settlement of this case as reflected in the settlement agreement (See Exhibit A); accordingly, this case is dismissed with prejudice in accordance with the settlement agreement, and the case is closed.

**Dated:** New York, New York
       January 24, 2019

                          RUBY J. KRAJICK
                          Clerk of Court
      BY:

                          Deputy Clerk

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON 1/24/2019

## RELEASE AND SETTLEMENT AGREEMENT

This RELEASE AND SETTLEMENT AGREEMENT (the "Agreement") is made as of the last date in the signature box below (the "Effective Date") by and between Edwin Padilla, Luis Turcio and Santos Jimenez (collectively, "Plaintiffs") and Battery Wave, LLC d/b/a Battery Gardens, Thomas Makkos, George Makkos and Paul Nicaj (collectively "Defendants"). Plaintiffs and Defendants shall be collectively referred to herein as the "Parties."

WHEREAS, Plaintiffs filed a civil action in the United States District Court for the Southern District of New York, Docket No. 18 CV 1738, against Defendants, asserting violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for alleged failure to pay certain wages and retaliation (the "Civil Action"); and

WHEREAS, the Parties desire to terminate the Civil Action and to settle in full any and all wage and hour and retaliation claims that Plaintiffs have or may have against Defendants and all their past, present or future subsidiaries, affiliates, parent companies, divisions, partners, or related entities, successors or assigns, and all their past, present or future officers, members, shareholders, directors, employees, agents, trustees, administrators, insurers, attorneys, representatives or assigns, each solely in their capacity as such, (collectively the "Releasees");

WHEREAS, Defendants and Releasees deny Plaintiffs' allegations and deny any failure to properly compensate Plaintiffs; and

WHEREAS, the Parties have considered the costs and risks attendant to litigation, and the value of the benefits claimed, and in view of these considerations, desire to enter into this Agreement.

NOW, THEREFORE, for valuable consideration, the Parties agree as follows:

1. **Settlement Payment.** Within 30 days from the date Plaintiffs sign the Agreement and Plaintiffs' counsel returns the signed Agreement to Defendants' counsel by email, Defendants agree to pay Plaintiffs a total of twenty-two thousand dollars and zero cents ($22,000.00) (the "Settlement Amount"), which shall be distrubuted among them in accordance with their determination. Defendants shall deliver to Lee Litigation Group, PLLC the Settlement Amount, by check made payable to "Lee Litigation Group, PLLC" without any deductions or withholdings. To the extent the Action is not dismissed by the Court by the due date, Plaintiffs' counsel shall retain such amounts in escrow, to be released upon dismissal of the Action.

2. **Indemnfication.** Plaintiffs agree to indemnify and hold harmless Defendants from and against all liens, liabilities, interest and penalties that may be assessed against or incurred by Defendants as a result of not deducting taxes or other withholdings or satisfying any liens or judgments against Plaintiffs on the consideration provided for herein. Plaintiffs shall promptly notify Defendants of any claim by the IRS or any other governmental authority arising under the payments in Paragraph 1. The Parties agree that Defendants will only issue a 1099 form to Lee Litigation Group, PLLC, who shall issue 1099 forms to Plaintiffs individually.

1

2.  Release of Claims.

(a) In return for the payment identified above, Plaintiffs knowingly and voluntarily release and forever discharge Defendants and Releasees of and from any and all claims under the Fair Labor Standards Act and the New York Labor Law, including all such claims asserted in the Civil Action, which Plaintiffs have or may have against Defendants and Releasees, whether or not known or unknown and whether or not asserted in the Civil Action, as of the Effective Date of this Agreement.

(b) Notwithstanding the foregoing, Plaintiffs are not waiving or releasing: (i) any claims arising after the date Plaintiffs sign this Agreement; (ii) any claims for enforcement of this Agreement; or (iii) any claims or rights which cannot be waived by law. Plaintiffs acknowledge that they cannot recover any monetary benefit, damages, or equitable relief with respect to any of the claims released and waived above through or from any charge filed by him or any action commenced by a third party. Therefore, Plaintiffs agree that they will not accept any award or settlement from any source or proceeding (including, but not limited to, any proceeding brought by any other person or by any governmental agency) with respect to any claim or right waived or released in this Agreement.

(c) Plaintiff Edwin Padilla expressly acknowledges and represents that he was only employed at Defendants from April 2014 to May 2014 and that Defendants did not employ him at any time thereafter, including and up to the Effective Date of this Agreement.

4.  Non-Admission. This Agreement is not intended, and shall not be construed, as an admission that Defendants and/or Releasees violated any federal, state or local law (statutory or decisional), ordinance or regulation, breached any contract or committed any wrong whatsoever against Plaintiffs.

5.  Agreement Contingent on Dismissal of the Civil Action.

(a) The Parties agree that following execution of the Agreement, the Parties shall cooperate and take all necessary and appropriate steps to dismiss the Civil Action with prejudice on the merits, including instructing their respective counsel in the Civil Action to execute promptly a Stipulation and Order of Dismissal with Prejudice (the "Stipulation and Order"). Plaintiffs agree to direct their counsel to deliver to counsel for Defendants, simultaneously with the delivery of a copy of this Agreement executed by Plaintiffs, an executed copy of the Stipulation. Counsel for Defendants shall execute and file the Stipulation and Order with the Court. The Parties agree that they shall jointly request that the Court sign the Stipulation and Order dismissing the Civil Action and shall submit this Agreement to the Court for review and approval.

(b) If the Court does not approve this Agreement, and the basis for the Court's disapproval does not involve a material term of this Agreement, the Parties shall make good faith efforts to modify this Agreement so as to obtain the Court's approval; and provided further that if, for any reason, the Court does not approve this Agreement and sign the Stipulation and Order, this Agreement shall immediately become null and void *ab initio*, and of no further force or effect, and Defendants shall have no obligation to provide Plaintiffs with any payments or benefits set forth in this Agreement.

(c) The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including, but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein

6. <u>Voluntary and Knowing Acceptance</u>. Plaintiffs acknowledge that they have been advised to consult with independent legal counsel of his own choosing with respect to the terms and conditions of this Agreement and that he has had an adequate opportunity to do so and has done so; that other than the terms contained in this Agreement, no other promises or agreements of any kind have been made to him or with him by any person or entity whatsoever to cause him to sign this Agreement; that he is competent to execute this Agreement; that he has had the opportunity to consider the terms of this Agreement for a reasonable period of time; that he has carefully read this Agreement in its entirety; that he has had an ample opportunity to consider this Agreement and to consult with any advisor(s) of him choice about it; that he understands all the terms of the Agreement and their significance; that he knowingly and voluntarily assents to all the terms and conditions contained herein; and that he is signing this Agreement voluntarily and of him own free will.

7. <u>Interpretation of Agreement</u>. Should any provision of this Agreement require interpretation or construction, the Parties agree that the entity interpreting or constructing this Agreement shall not apply a presumption against one party by reason of the rule of construction that a document is to be construed more strictly against the party who prepared the document.

8. <u>Severability</u>. If any part, term or provision of this Agreement is declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, such illegality, invalidity or unenforceability shall not affect the validity of other provisions of this Agreement, and the illegal, invalid or unenforceable part, term or provision shall be deemed to be severable and not part of this Agreement; provided, however, that if the release set forth in Section 5 is held to be invalid, the Parties will execute another release that is valid and enforceable.

9. <u>Governing Law</u>. The parties agree that the Agreement will be governed by the laws of the State of New York without regard to conflicts of law and that the Court in this action shall retain jurisdiction to resolve any disputes, including those arising from the settlement agreement.

10. <u>Waiver of Breach</u>. The waiver by any party of a breach of any provision hereof shall not operate or be construed as a waiver of any other breach by any party.

11. <u>Headings/Captions</u>. The headings and captions in this Agreement are provided for reference and convenience only. They shall not be considered part of the Agreement and shall not be employed in the construction of the Agreement.

12. <u>Complete Agreement</u>. This Agreement is the complete understanding between the Parties in connection with the allegations in the Civil Action and, nullifies and supersedes all previous agreements between the Parties in connection with the allegations in the Civil Action, and may not be changed orally.

WHEREFORE, the Parties hereto have read the foregoing Release and Settlement Agreement and accept and agree to the provisions contained herein, and hereby have caused this Agreement to be made effective as of the date above written.

Each Plaintiff certifies under penalty of perjury as follows: I have read this agreement or it has been translated for me and I understand completely its contents. *Cada Demandante certifica bajo pena de perjurio lo siguiente: he leído este acuerdo o ha sido traducido para mi y entiendo completamente su contenido.*

_____
Edwin Padilla

Date: 12-20-18

Luis F Turcos
_____
Luis Turcio

Date: 12-21-18

_____
Santos Jimenez

Date: 12-20-18

Battery Wave, LLC

By: _____

Its: GM

Date: 1/7/2019

_____
Thomas Makkos

Date: _____

_____
George Makkos

Date: _____

_____
Paul Nicaj

Date: 1/7/2019

47007783;1

4